# Parks *et al. v.* Bryant *et al.*

*Action to Recover Damages for Breach of Official Bond of Register in Chancery.*

1. *Action upon official bond; sufficiency of plea.*—In an action upon an official bond of a register in chancery to recover money received by such register, and deposited to his credit in a bank, whereby it was lost to the plaintiff by reason of the bank's failure, a plea which sets up as a defense that the sum claimed was received by the register who preceded the defendant in the office and by him deposited in said bank, and that upon the defendant's coming into office, his predecessor gave him a check for said sum upon said bank, which check was placed to the credit of the defendant as register in chancery on the books of said bank, after which time the bank failed, presents no defense to the maintenance of the suit.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. Sayre.

This suit was brought in said city court by C. F. Bryant and two others, against W. H. Parks, as the principal, and the United States Fidelity & Guaranty Company, as the surety, upon the official bond of said Parks as register in chancery for Montgomery county, to recover six hundred dollars for and on account of money of the plaintiffs alleged to have been received by said Parks as such register and by him deposited to his credit as such register in the banking house of Josiah Morris & Company, whereby the said money was lost to the plaintiffs. The bond sued on is the same as in the preceding

case of The United States Fidelity & Guaranty Company against Union Trust & Savings Co., in the report of which case its contents are substantially set forth. The defendants each demurred to the complaint (as in the preceding case) and the demurrers were overruled by the court. Thereupon the defendants severally filed a number of pleas, the plaintiff's demurred thereto and the demurrer was sustained. Pleas 3 and 4 were identical and as follows: "That the sum claimed in the complaint was received in his official capacity by one V. M. Elmore, who was the predecessor of defendant Parks in the office of register in chancery of Montgomery county, Alabama; that on his retirement from said office, he gave to defendant Parks as his successor in office a check on the banking house of Josiah Morris & Co. for the money claimed in the complaint; that said Parks did not collect the said check, but had the amount named therein placed to the credit of said Parks, as register in chancery, on the books of said Josiah Morris & Co.; that shortly afterwards the said Josiah Morris & Co. suspended payment and defendant Parks has never received the money claimed in the complaint." The grounds of the demurrer, sustained to said plea, were, that the plea showed that Parks received the money in his official capacity as register; that the fact that he received it in the shape of a check constituted no defense; that the plea showed a breach of the bond sued on; that the plea showed that Parks as register did collect the check given him by his predecessor. The cause being submitted to the court on the evidence, judgment was rendered for the plaintiffs against the defendants for $590.92 and costs. The assignments of error are based upon the rulings on the demurrers.

MARKS & SAYRE, for appellants.—The pleas setting up that the defendant Parks had received from his predecessor in office, Elmore, a check on Josiah Morris & Co. for the money sued for, and had deposited this check in said bank to his credit as Register, should have been upheld. Parks never received this money, and the effect of the transaction was a substitution of the credit of the bank for that of Elmore. Parks' action does not

[Parkes *et al.* v. Bryant *et al.*]

come within section 4668 of the Code. The conversion had already been made by Elmore, and the act being unlawful, the debt of the bank was to Elmore individually. Parks did not participate in the act by which Elmore gave the use of the money to the bank, nor did the money ever come into the hands of the former. See *City Council v. Hughes*, 65 Ala. 201; Burge on Suretyship, 69.

WATTS, TROY & CAFFEY, W. W. PEARSON and GORDON MACDONALD, *contra.*

DOWDELL, J.—All of the questions presented by the record in this case, except the one raised by demurrer to the defendant's third and fourth pleas, were considered in the case of *The United States Fidelity & Guaranty Co. v. The Union Trust & Savings Co.*, decided at the present term of this Court,, 38 South 177, and were there determined adversely to the contention of appellants.

The ruling of the trial court in sustaining the demurrers to pleas 3 and 4, remains only to be passed upon here. There was no error committed in sustaining the demurrers to these pleas.—*City National Bank v. Burns*, 68 Ala. 267, 275; *Alston v. State*, 92 Ala. 124; Morse on Banks & Banking, § 321; *National Bank v. Burkhart*, 100 U. S. 689; *Oddie v. National City Bank*, 45 N. Y. 735; *Montgomery County v. Cochran*, 121 Fed. 17; Id. 126 Fed. 456.

There being no error in the record, the judgment will be affirmed.

Affirmed.

MCCLELLAN, C. J., HARALSON and DOWDELL, J.J., concurring.